**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

GLENN L. JACOBS

        Plaintiff,

vs.

SMURFIT-STONE CONTAINER
CORPORATION., et al.

        Defendants.

Case No. 1:06cv410

Judge Michael R. Barrett

## <u>ORDER</u>

This matter is before the Court pursuant to the Motion to Dismiss filed by Defendants (Doc. 4 and 14).  In response to the first motion to dismiss (Doc. 4) Plaintiff filed an amended complaint (Doc. 13).  Based upon the amended complaint the court finds that the first motion to dismiss (Doc. 4) is hereby DENIED as moot.  Plaintiff responded to the motion to dismiss the amended complaint (Doc. 15) to which Defendants replied (Doc. 16).

<u>Facts and Background Information</u>

Plaintiff began working for Diamond International's Norwood, Ohio facility in 1977 and continued to work for Smurfit-Stone Container Corporation ("Smurfit") following its purchase of Diamond International in 1982.[1]  Plaintiff's employment was terminated on May 16, 2002.[2]  Plaintiff's poor performance was given as the reason for his termination.

---

[1]These facts are derived from Magistrate Judge Hogan's Order, Doc. 18 of 1:02cv647.

[2]Although his employment was terminated on May 16, 2002, Plaintiff received his salary and benefits through July 31, 2002 so that he would have 25 years' pension credit.

Defendants' severance plan provided that an employee would not be eligible for severance benefits if the employee was discharged for poor performance or misconduct. (Doc. 13, Exh. A).  Plaintiff argued that he was entitled to severance benefits.

Plaintiff then filed suit in the Southern District of Ohio in a matter that was consented to be heard before Magistrate Judge Hogan, Case number 1:02cv647.  Plaintiff alleged age discrimination (Count 1 and 2), violation of Ohio public policy (Count 3) and violations of the Employment Retirement Income Security Act (Count 4 and 5).  For purposes of this opinion this Court will refer to the 2002 case as *Jacobs I*.  In *Jacobs I*, after discovery was completed, Defendants filed a motion for summary judgment.  In responding to the motion for summary judgment, Plaintiff stated that no issues of material fact existed with respect to counts one through four but that he did dispute that summary judgment was appropriate with respect to count five.  Based upon the foregoing, Magistrate Judge Hogan stated: "Therefore, Defendants' Motion for Summary Judgment (Doc. 13) is granted with respect to Counts One through Four of Plaintiff's Complaint. The remainder of this decision will address only Count Five of Plaintiff's Complaint."  Magistrate Judge Hogan then went on to dismiss without prejudice Count five of Plaintiff's Complaint finding that Plaintiff had failed to exhaust his administrative remedies.  (Doc. 18 of 1:02cv647).

Defendants now move to dismiss the amended complaint arguing that Plaintiff is now precluded from arguing that he was fired for poor performance because that issue was previously decided by Magistrate Judge Hogan.  Plaintiff responds that the alleged reasons given by Defendants for his termination were not, in fact, litigated previously and is not subject to issue preclusion.

Legal Analysis

A motion to dismiss pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, (May 21, 2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.

"Collateral estoppel, or issue preclusion as it is better termed, precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th

Cir. 1990). The purposes of the doctrine include "shield[ing] litigants (and the judicial system) from the burden of re-litigating identical issues and . . . avoid[ing] inconsistent results." *Gilbert v. Ferry*, 413 F.3d 578, 580 (6th Cir. 2005) (citing 18 Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction* § 4403). Issue preclusion has four prerequisites:

> 1) the issue precluded must be the same one involved in the prior proceeding; 2) the issue must actually have been litigated in the prior proceeding; 3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; and 4) the prior forum must have provided the party against whom estoppel is asserted a full and fair opportunity to litigate the issue.

*Cent. Transp., Inc. v. Four Phase Sys., Inc.*, 936 F.2d 256, 259 (6th Cir. 1991).

Defendants argue that in order to determine if the severance plan was violated, the Court would have to determine if, in fact, Plaintiff was terminated for poor performance, an issue, according to Defendants, that was addressed in *Jacobs I*, by Magistrate Judge Hogan. Defendants further argue that Magistrate Judge Hogan did not have to reach that issue as Plaintiff conceded "that no issues of material fact exists [sic] with respect to counts one through four." This Court does not interpret this statement by Plaintiff as being so broad. Counts one through four related to Plaintiff's claim of age discrimination. Because "no issues of material fact exist" could be as limited as there was no evidence of age discrimination, not as broad to include that the proffered reason was in fact a legitimate, non-discriminatory reason. The Court did not make any findings as to whether the articulated reason by the Defendants of poor performance was the true reason for Plaintiff's discharge. In fact, Magistrate Judge Hogan only stated that Plaintiff does not oppose summary judgment and therefore granted summary judgment as to those age

4

discrimination claims.    There was no discussion of the merits of Plaintiff's age discrimination claim.   As to Count 5, which is the only claim pending in this matter, Magistrate Judge Hogan found that Plaintiff did not exhaust his administrative remedies without reaching whether Plaintiff's poor performance was the actual reason for his termination.

Issue preclusion is inapplicable here.  The Court does not find that the issue was "actually litigated" in *Jacobs I,* nor does the Court find that the determination of the issue was a critical and necessary part of the decision in *Jacobs I* due to Plaintiff's concession that no issues of material fact existed*.*

Conclusion

Thus, Defendants motion to dismiss (Doc. 14) is hereby DENIED.  Doc. 4 is hereby DENIED as MOOT.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

5